**MARY P. and Peter P., on their own behalf and as parents and next friends of Michael P., a minor, Plaintiffs,**

v.

**ILLINOIS STATE BOARD OF EDUCATION, Robert Leinenger, Mary Jane Broncato, Gail Lieberman, Terry David, Charles Donegan, Roger Garvelink, and Board of Education of Downers Grove Grade School District No. 58, Defendants.**

**Civil No. 94 C 2491.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 25, 1996.

---

Margie Best, Chicago, IL, for plaintiffs.

Diann Karen Marsalek, Illinois Attorney General's Office, Chicago, IL, for Illinois State Board of Education, Robert Leininger, Mary Jayne Broncato, Gail Lieberman, Terry David, Charles Donegan.

John A. Relias, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, John Lawrence Wren, Franczek & Sullivan, Chicago, IL, Donna Ann Hickstein–Foley, Foley and Foley, Chicago, IL, for Roger Garvelink.

## *MEMORANDUM OPINION AND ORDER*

LEINENWEBER, District Judge.

Plaintiffs Michael P. and his parents brought the present action to force defendant Downer's Grove Grade School District to provide special education services to Michael. After four years of administrative and legal proceedings, plaintiffs finally prevailed when the court entered summary judgment for plaintiffs on March 20, 1996, awarding them reimbursement of their out-of-pocket expenses and attorney's fees. *See Mary P. v. Illinois Bd. of Ed.*, 919 F.Supp. 1173 (N.D.Ill. 1996). Plaintiffs now bring a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).

### *BACKGROUND*

In 1990, Michael was diagnosed with a speech impairment. On April 3, 1991, plaintiffs contacted the school board and requested speech therapy and were told Michael could have a "pre-screening evaluation." Admin.R. at 710–11. The school board's speech therapist conducted the evaluation on April 9, 1991 and concluded that Michael did not require the school's speech therapy services. Admin.R. at 1212. It is unclear from the record whether plaintiffs contacted the school in the months following April 9, 1991, although they testified, "We knew we weren't going to get help from the school so we got it privately." Admin.R. at 719. Plaintiffs apparently obtained private speech therapy services which their medical insurance paid. Admin.R. at 1051.

On January 22, 1992, plaintiffs renewed their request for the school district to provide speech therapy. Instead of accepting a

"pre-screening evaluation," plaintiffs demanded a multi-disciplinary conference which required the input of many experts and batteries of tests. On March 27, 1992, the school board determined that Michael was not eligible for speech therapy. In the year that followed, plaintiffs and defendants volleyed back and forth, disputing the findings of experts and the results of tests. Their dispute culminated in plaintiff's filing a request for a due process hearing on February 16, 1993.

Plaintiffs prevailed at the level 1 due process hearing, but defendants obtained a reversal at the level 2 due process hearing. Plaintiffs appealed the level 2 decision to the court.

On March 20, 1996, the court awarded plaintiffs reimbursement of out-of-pocket expenses for all speech therapy services they provided Michael not in excess of 30 minutes per week. 919 F.Supp. at 1181–82. The original award covered expenses from the time plaintiffs first filed for administrative review of the school board's denial of services in February 1993 through the date of the order. *Id.*

Plaintiffs now request that the court amend its order awarding reimbursement for expenses beginning April 3, 1991, the date they first requested speech therapy for Michael.

### ANALYSIS

■ A motion to alter or amend a judgment under Rule 59(e) must be made within 10 days from the entry of judgment. Fed. R.Civ.P. 59(e). However, "Rule 59(e) is ... applicable only to a final judgment." *Fayetteville Investors v. Commercial Builders,* 936 F.2d 1462, 1469 (4th Cir.1991). Rule 59(e) applies to final judgments which include "a decree and any order from which an appeal lies." *McCowan v. Sears, Roebuck and Co.,* 908 F.2d 1099, 1103 (2d Cir.1990) (quoting 6 Moore's *Federal Practice* ¶ 54.02 at 54–23 (2d ed. 1988)).

■ Defendants argue that Plaintiffs' Rule 59(e) motion to amend was not timely because it was not made within 10 days of the judgment from the court. However, the judgment issued by the court on March 20, 1996 was not a final judgment. See Minute Order, *Mary P. v. Illinois St. Bd. of Ed.,* 919 F.Supp. 1173 (N.D.Ill.1996). Therefore, plaintiffs' motion to alter or amend is timely.

■ Turning to the substance of the motion, plaintiffs seek reimbursement for speech therapy beginning April 9, 1991, the date they first were denied speech therapy for Michael. Plaintiffs' brief fails to cite a single legal authority which provides a basis for their argument. Defendants argue that insurance coverage which plaintiffs received obviates any reimbursement for that period. However, their brief similarly neglects to include a single citation to rebut plaintiffs' argument.

Nonetheless, the court's mandate is clear. The court must take "equitable considerations" into account in deciding what relief should be granted. *Burlington Sch. Comm. v. Department of Ed.,* 471 U.S. 359, 374, 105 S.Ct. 1996, 2005, 85 L.Ed.2d 385 (1985).

Two cases illuminate the relevant equitable considerations. In *Ivan P. v. Westport Bd. of Ed.,* 865 F.Supp. 74 (D.Conn.1994), parents were reimbursed from the date they placed their son in a private special education program rather than from the start of due process hearings. The court in *Ivan P.* reasoned that the parents' failure to immediately request a due process hearing while they tried to resolve the problem in meetings with the school did "not deprive [plaintiff] of his right to a free and appropriate education under the IDEA. It is communication and cooperation between parents and school boards that the IDEA seeks to foster through its procedural mechanisms." *Id.* at 81–82.

In *Garland Indep. Sch. Dist. v. Wilks,* 657 F.Supp. 1163 (N.D.Tex.1987), the plaintiff sought total reimbursement for her child's special education expenses, including those she accrued prior to registering her dissatisfaction with the school. The court held that while the plaintiff was entitled to some reimbursement, "she cannot, in fairness, expect to recover for expenses she incurred *prior* to contacting the school board about her dissat-

isfaction with [her child's] IEP." *Id.* at 1167; *see also id.* at 1168.

Additionally, a court should consider the amount of time the school board had to evaluate the child and recommend placement. The school should not be taxed for the reasonable time it took to reach its decision. *See Ash v. Lake Oswego Sch. Dist.,* 980 F.2d 585, 589 (9th Cir.1992).

In the present case, plaintiffs requested services from the school and were denied those services in April 1991. Plaintiffs' fail to cite any portion of the record to indicate subsequent attempts they made to contact the school between April 1991 and January 1992 when they requested a multi-disciplinary conference. The court's own review of the factual record does not reveal any efforts by plaintiffs to notify the school board of their dissatisfaction prior to January 22, 1992. Thus, it appears to the court that the first time the school board had notice of plaintiff's dissatisfaction was in January 1992.

The present case falls somewhere between *Ivan P.* and *Garland.* Though plaintiffs attempted to cooperate and communicate with the school board after January 22, 1992, like the plaintiffs in *Ivan P.,* they failed to register their dissatisfaction with the school after their initial April 9, 1991 screening, just as the plaintiff in *Garland* failed to convey to the school her dissatisfaction. Furthermore, the court finds that the two-month period between plaintiffs' request and the school's evaluation, assessment, and final determination on March 27, 1992 was reasonable.

Because plaintiffs were "attempting to resolve their differences with the school district without resorting to litigation," *see Ivan P.,* 865 F.Supp. at 81, the court concludes that they should not be penalized for failing to immediately request a due process hearing after being denied special services. However, plaintiffs are not entitled to reimbursement prior to the point at which they first registered their dissatisfaction with the school, which was January 22, 1992. Furthermore, the school reached its final decision within a reasonable time so that the proper date for reimbursement begins on March 27, 1992, which was the date the school wrongfully determined that Michael

was ineligible for speech therapy. Finally, plaintiffs' out-of-pocket expenses may not include any amount that their insurance paid.

### CONCLUSION

Plaintiffs' motion to amend the judgment is granted in part and denied in part. The judgment entered on March 20, 1996 is amended to include reimbursement for those previously described expenses for the period beginning March 27, 1992 and ending March 20, 1996.

IT IS SO ORDERED.